# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRELL BRADFORD, | CASE NO. 1:10-cv-02074-SKO PC |
| Plaintiff, | FIRST SCREENING ORDER DISMISSING COMPLAINTS, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM |
| v. | |
| JAMES A. YATES, et al., | (Docs. 1 and 8) |
| Defendants. | THIRTY-DAY DEADLINE TO FILE SECOND AMENDED COMPLAINT |

**First Screening Order**

## I.       Screening Requirement and Standard

Plaintiff Darrell Bradford, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on November 9, 2010. The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, __, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's

1  allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

While prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, the pleading standard is now higher, Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at __, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at __, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

## II.     Plaintiff's Complaints

### A.     Introduction

On January 24, 2011, Plaintiff filed, as a matter of right, what was entitled as an amended complaint. Fed. R. Civ. P. 15(a).  However, as Plaintiff included some claims arising from events which occurred after this action was filed, the pleading is in part a supplemental complaint, for which Plaintiff did not obtain the requisite leave of court. Fed. R. Civ. P. 15(d).

Due to Plaintiff's mistaken impression that he could add allegations and claims in his amended/supplemental complaint and still rely upon the allegations and claims set forth in his original complaint, the Court will address both pleadings.  However, the Court will not make an exception, a second time around, to the rule that an amended pleading supercedes all prior pleadings and must be complete within itself without reference to the prior pleadings. Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987); Local Rule 220.

Further, Plaintiff may not add new claims which are unexhausted, 42 U.S.C. § 1997e(a); Jones v. Bock, 549 U.S. 199, 211, 127 S.Ct. 910 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002), and applicable joinder rules preclude Plaintiff from adding new, unrelated

claims against new parties, Fed. R. Civ. P. 18(a), 20(a)(2); Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff will, for the reasons set forth below, be granted leave to amend. In amending, Plaintiff must comply with the directives set forth herein.

### B.   Original Complaint

#### 1.   Summary of Allegations

Plaintiff was transferred to Pleasant Valley State Prison on December 23, 2009, and during processing through receiving and release, Defendants Witt and Valencia accused him of being an extremist, questioned him about being a terrorist, and confiscated his religious material, including his prayer rug, prayer oil, and holy Quran. Approximately one month later, Plaintiff received his religious material back, with the exception of his prayer oil.

On January 13, 2010, Plaintiff appeared for his unit classification committee meeting and he was questioned about his religious beliefs by Defendant Shannon. Defendant McGaha interrupted and stated that Plaintiff was a member of the prison gang Ansar El Muhammad; Defendant Shannon stated that if he got word Plaintiff was involved in any jihadist activities, he would put him in administrative segregation.

Plaintiff filed an inmate appeal grieving the inclusion in his prison records of false information that he was a member of Ansar El Muhammad. Plaintiff was interviewed by Defendant Fellow on June 3, 2010, who insisted Plaintiff was involved with or had ties to jihadist activities in prison. Defendant told Plaintiff that he was being investigated by an institutional gang investigator. After the interview, Plaintiff discovered his cell had been tossed and baby powder and lotion had been poured on his Quran.

On June 9, 2010, Plaintiff appeared for his annual program review meeting and was questioned regarding his religious beliefs. On June 18, 2010, and July 14, 2010, Defendants Davis and Yates, respectively, denied Plaintiff's inmate appeal regarding the removal of the gang information from his file.

On August 19, 2010, Defendant DeArmond used abusive, denigrating language toward Plaintiff for reporting that Defendant did not allow him to shower.

On October 22, 2010, Plaintiff was placed in administrative segregation without written notice or the issuance of a rules violation report, and he has been prohibited from wearing his religious head gear and purchasing approved religious material. Plaintiff also alleges generally that he has been harassed, maligned, discriminated against, and retaliated against based on his religious faith, and he has been confined to his cell twenty-four hours a day and denied mental health services, religious services, recreation, canteen, phone calls, and programs.

Plaintiff also alleges that his appeal has not received a third-level response yet, and he was assaulted by his cellmate, a documented gang member, on November 3, 2010.

## 2. Linkage Requirement and General Allegations

In light of the very general nature of Plaintiff's complaints, several of which are minor under the circumstances, and the need for him to amend, several guiding principles bear repeating. First, section 1983 provides a cause of action for the violation of constitutional or other federal rights by those acting under color of state law. E.g., Patel v. Kent School Dist., 648 F.3d 965, 971 (9th Cir. 2011); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). For *each* defendant named, Plaintiff must show a causal link between the violation of his rights and an action or omission of the defendant. Iqbal, 556 U.S. at __, 129 S.Ct. at 1949-50; Starr v. Baca, 652 F.3d 1202, 1205-06 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009). There is no *respondeat superior* liability under section 1983, and each defendant may only be held liable for misconduct that can be directly attributed to him or her. Iqbal, 556 U.S. at __, 129 S.Ct. at 1949-50; Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009).

Second, the Constitution does not provide redress for every grievance. See Hayden v. Grayson, 134 F.3d 449, 457 (1st Cir. 1998) ("[N]ot every form of misconduct is a constitutional violation. . . ."); Nunez v. City of Los Angeles, 147 F.3d 867, 874 (9th Cir. 1998) ("Put simply, not every social injustice has a judicial remedy."). With respect to general conditions of confinement, the Constitution does not mandate comfortable prisons and institutions which house those convicted of serious crimes cannot be free of discomfort. E.g., Rhodes v. Chapman, 452 U.S. 337, 349, 101 S.Ct. 2392 (1981) (quotation marks omitted). Further, with respect to the infringement into protected rights, lawful incarceration brings about the necessary withdrawal or limitation of many

privileges and rights, and Plaintiff retains only those rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system. E.g., Pell v. Procunier, 417 U.S. 817, 822, 94 S.Ct. 2800 (1974) (quotation marks omitted).

Turning to Plaintiff's specific allegations, mere verbal harassment or abuse does not violate the Constitution and Plaintiff's allegations that he was subjected to cat calls and name calling do not support any independent claims for relief. Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987); Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987). Likewise, Plaintiff's displeasure over and disagreement with the denial of his inmate appeals and his allegation that he has not received a third-level decision on his appeal do not support any claims. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). Plaintiff does not have a freestanding, constitutionally-protected right to the expungement of information from his prison records, even if he believes it to be inaccurate. Sandin v. Connor, 515 U.S. 472, 484, 115 S.Ct. 2293 (1995); Hernandez v. Johnston, 833 F.2d 1316, 1319 (9th Cir. 1987). This is not to say that inaccurate information can never provide a base upon which to mount a constitutional claim, but the mere existence of gang information in Plaintiff's prison records and prison officials' refusal to grant an administrative appeal seeking removal of that information do not support a claim. Furthermore, neither the questioning of Plaintiff nor the accusation toward Plaintiff regarding gang ties supports a claim.

### 3. Placement in Administrative Segregation

Although Plaintiff alleges that he was placed in administrative segregation, he does not have a freestanding right to be housed in general population and therefore, his bare allegation that he was placed in administrative segregation does not support a claim. Wilkinson v. Austin, 545 U.S. 209, 221, 125 S.Ct. 2384 (2005); Sandin v. Connor, 515 U.S. 472, 484, 115 S.Ct. 2293 (1995); May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997).

Likewise, Plaintiff's allegations regarding the denial of various programs and privileges do not state any claims. While long-term cell confinement with the denial of out-of-cell exercise and the denial of mental health care may rise to the level of Eighth Amendment violations if the conditions are sufficiently grave, Plaintiff's complaint is devoid of any specific facts regarding these

conditions and thus, no basis is presented for a finding that the conditions were sufficiently grave to trigger constitutional scrutiny. Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995 (1992); Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976); Thomas v. Ponder, 611 F.3d 1144, 1151-52 (9th Cir. 2010). Further, Plaintiff has no constitutionally-protected right to rehabilitative or vocational programs, or to privileges such as canteen, and the denial of access to those programs or privileges will not support a claim. Sandin, 515 U.S. at 484; Coakley v. Murphy, 884 F.2d 1218, 1221 (9th Cir. 1989); Rizzo v. Dawson, 778 F.2d 527, 531 (9th Cir. 1985).

### 4. Equal Protection and Free Exercise Violations

Plaintiff's allegations regarding religious discrimination and the denial of access to certain religious materials or practices implicate the Equal Protection Clause of the Fourteenth Amendment and the Free Exercise Clause of the First Amendment.

The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439, 105 S.Ct. 3249 (1985); Shakur v. Schriro, 514 F.3d 878, 891 (9th Cir. 2008). An equal protection claim may be established by showing that Defendants intentionally discriminated against Plaintiff based on his membership in a protected class, Comm. Concerning Cmty. Improvement v. City of Modesto, 583 F.3d 690, 702-03 (9th Cir. 2009); Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003), Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, Engquist v. Oregon Department of Agriculture, 553 U.S. 591, 601-02, 128 S.Ct. 2146 (2008); Village of Willowbrook v. Olech, 528 U.S. 562, 564, 120 S.Ct. 1073 (2000); Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 592 (9th Cir. 2008); North Pacifica LLC v. City of Pacifica, 526 F.3d 478, 486 (9th Cir. 2008).

Although Plaintiff alleges name calling, questioning, and harassment in general, his complaint is devoid of sufficient factual detail to support a plausible claim for relief against any of the named defendants for violating his right to equal protection.

The protection of the Free Exercise Clause is triggered when prison officials substantially burden the practice of an inmate's religion by preventing him from engaging in conduct which he sincerely believes is consistent with his faith. Shakur, 514 F.3d at 884-85. However, Plaintiff fails

6

to link any of the named defendants to a plausible free exercise claim. Vague allegations regarding the confiscation of and/or the denial of religious materials are insufficient to support a claim.

### 5. Retaliation

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005); accord Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

Although Plaintiff generally alleges retaliation against him, his complaint sets forth insufficient facts to support any viable claims against the named defendants.

## C. Amended/Supplemental Complaint

### 1. Summary of Allegations

Plaintiff was assaulted by his former cellmate on November 3, 2010, and he alleges that Defendants Corona and DeArmond, with the approval of Defendant Athey, housed inmate Evans with Plaintiff knowing that Evans had a history of assault. Plaintiff was transferred to administrative segregation following the incident, and he alleges that he was denied due process and subjected to unconstitutional conditions of confinement, in retaliation against him for filing grievances.

### 2. Eighth Amendment Violations

The Eighth Amendment protects prisoners from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). "[R]outine discomfort inherent in the prison setting" does not rise to the level of a constitutional violation. Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000). Rather, extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Farmer v.

Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970 (1994); Hudson, 503 U.S. at 9 (citations and quotations omitted). In order to state a claim, a plaintiff's allegations must be sufficient to show that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff. E.g., Farmer, 511 U.S. at 847; Thomas, 611 F.3d 1151-52; Richardson v. Runnels, 594 F.3d 666, 672 (9th Cir. 2010).

Prison officials may not set Plaintiff up for attack or otherwise intentionally endanger his safety. Here, Plaintiff concedes that there is no evidence inmate Evans was instructed to assault him and critically, there are no allegations sufficient to support a claim that in housing the two together, Defendants knowingly disregarded a substantial risk of harm to Plaintiff.[1]

With regard to other conditions, Plaintiff's allegations do not demonstrate that he was subjected to conditions so grave that they implicated the Eighth Amendment, and Plaintiff fails to link specific defendants to a knowing disregard of such conditions.

### 3. Due Process Violations

The Due Process Clause protects Plaintiff against the deprivation of liberty without the procedural protections to which he is entitled under the law and to state a claim, Plaintiff must first identify the interest at stake. Wilkinson, 545 U.S. at 221. Liberty interests may arise from the Due Process Clause or from state law. Id. The Due Process Clause itself does not confer on inmates a liberty interest in avoiding more adverse conditions of confinement, id. at 221-22 (citations and quotation marks omitted), and under state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the condition of confinement at issue, id. at 222-23 (citing Sandin, 515 U.S. at 481-84) (quotation marks omitted). Liberty interests created by prison regulations are generally limited to freedom from restraint which imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. Wilkinson, 545 U.S. at 221 (citing Sandin, 515 U.S. at 484) (quotation marks omitted); Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007).

As set forth in section B(3), Plaintiff does not have a freestanding right to avoid confinement in segregation, and there are no allegations supporting the existence of a state-created liberty interest

---

[1] Any claim against prison officials for endangering Plaintiff's safety must have been fully exhausted, and the alleged attack occurred on November 3, 2010, mere days before this suit was filed.

8

in freedom from this restriction.  Wilkinson, 545 U.S. at 221; Sandin, 515 U.S. at 484; May, 109 F.3d at 565.

### D.     Exhaustion and Joinder

Plaintiff will be given leave to amend for the reasons previously set forth.  In amending, Plaintiff shall take notice of the following requirements and limit his claims accordingly.

First, all legal claims must be exhausted prior to filing suit.  42 U.S.C. § 1997e(a); Jones, 549 U.S. at 211; McKinney, 311 F.3d at 1199-1201.  Therefore, Plaintiff may not pursue claims which were not exhausted prior to the filing of this suit on November 9, 2010.  Plaintiff's inmate appeals must have been sufficient to alert the prison to the nature of the wrongs for which redress is now sought, Griffin v. Arpaio, 557 F.3d 1117, 1120 (9th Cir. 2009), and Plaintiff may not rely on the fact that he pursued many appeals over the course of time regarding generalized prison conditions to demonstrate that exhaustion as to specific legal claims occurred.  Plaintiff must have appealed the various incidents or events he believes violated his constitutional rights with enough specificity to place the prison on notice of the violations at issue.  Griffin, 557 F.3d at 1120.

Second, Plaintiff may not pursue, in one action, a litany of claims arising from every event or incident in prison which Plaintiff believes demonstrates a violation of his rights.  In Plaintiff's original complaint, it appeared that his core claim involved religious discrimination and/or an infringement into his right to exercise his religion.  In his amended/supplemental complaint, Plaintiff focuses on the assault against him by inmate Evans and his placement in administrative segregation, with attendant restrictive conditions of confinement.

Plaintiff may not bring unrelated claims against unrelated parties in a single action.  Fed. R. Civ. P. 18(a), 20(a)(2); Owens, 635 F.3d at 952; George, 507 F.3d at 607.  As an initial matter, Plaintiff may bring a claim against multiple defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are commons questions of law or fact.  Fed. R. Civ. P. 20(a)(2); Coughlin v. Rogers, 130 F.3d 1348, 1351 (9th Cir. 1997); Desert Empire Bank v. Insurance Co. of North America, 623 F.3d 1371, 1375 (9th Cir. 1980).  Only if the defendants are properly joined under Rule 20(a) will the Court review the other claims to determine if they may be joined under Rule 18(a), which permits the joinder of multiple claims

1  against the same party.

2      At this juncture, as discussed in the preceding subsections, Plaintiff has not stated any
3  cognizable claims for relief and therefore, the Court declines to determine which claims against
4  which parties are permissible under Rules 20(a)(2) and 18(a), respectively.  In amending his
5  complaint, Plaintiff should note the applicable rules and he is forewarned that unrelated claims
6  against unrelated parties will not be permitted to proceed.  Fed. R. Civ. P. 21.

7  **III.     Conclusion and Order**

8      Plaintiff's complaints fail to state a claim upon which relief may be granted under section
9  1983.  The Court will provide Plaintiff with the opportunity to file a second amended complaint.
10  Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th
11  Cir. 1987).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his
12  amended complaint.  George, 507 F.3d at 607 (no "buckshot" complaints).

13      Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what
14  each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556
15  U.S. at __, 129 S.Ct. at 1948-49.  Although accepted as true, the "[f]actual allegations must be
16  [sufficient] to raise a right to relief above the speculative level. . . ."  Twombly, 550 U.S. at 555
17  (citations omitted).

18      Finally, Plaintiff is again reminded that an amended complaint supercedes the prior
19  complaint, Forsyth, 114 F.3d at 1474; King, 814 F.2d at 567, and it must be "complete in itself
20  without reference to the prior or superceded pleading," Local Rule 220.  Therefore, "[a]ll causes of
21  action alleged in an original complaint which are not alleged in an amended complaint are waived."
22  King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981));
23  accord Forsyth, 114 F.3d at 1474.

24      Based on the foregoing, it is HEREBY ORDERED that:

25      1.     The Clerk's Office shall send Plaintiff a complaint form;

26      2.     Plaintiff's complaints are dismissed for failure to state a claim upon which relief may
27          be granted;

28      3.     Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a

second amended complaint; and

4. If Plaintiff fails to file a second amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

**Dated:**    **January 3, 2012**            /s/ Sheila K. Oberto
                                                           UNITED STATES MAGISTRATE JUDGE