# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRELL BRADFORD, | CASE NO. 1:10-cv-02074-SKO PC |
| Plaintiff, | SECOND SCREENING ORDER DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM |
| v. | |
| JAMES A. YATES, et al., | (Doc. 19) |
| Defendants. | ORDER THAT DISMISSAL IS SUBJECT TO 28 U.S.C. § 1915(G) |

## Second Screening Order

### I. Screening Requirement and Standard

Plaintiff Darrell Bradford, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on November 9, 2010. On January 4, 2012, the Court dismissed Plaintiff's original and amended complaints for failure to state a claim. On February 23, 2012, Plaintiff filed a second amended complaint.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but

"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

While prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, the pleading standard is now higher, Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

**II.     Plaintiff's Second Amended Complaint**

    **A.     Allegations**

Plaintiff was transferred to Pleasant Valley State Prison on December 23, 2009; while being processing, Defendants Witt and Valencia called him an Islamic extremist and confiscated his religious property. The religious attacks and harassment continued on January 13, 2010, when Defendants Shannon and McGaha placed false information in Plaintiff's central file that he was a member of the "so called" prison gang Ansar El Muhammad. (Doc. 19, 2nd Amend. Comp., § IV.)

On June 5, 2010, Plaintiff's cell was searched while he was being interviewed by Defendant Fellow, and his holy Quran and other religious property were damaged or destroyed.

On June 18, 2010, Defendant Davis denied Plaintiff's appeal, thereby condoning staff's conduct, and the harassment and persecution continued.

Plaintiff alleges that ultimately, James Yates, as warden, is responsible for staff conduct and he is therefore liable for the violation of Plaintiff's constitutional rights.

///

**B.     Viability of Claims**

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). To state a claim, Plaintiff must demonstrate a link between actions or omissions of each named defendant and the violation of his rights; there is no *respondeat superior* liability under section 1983. Iqbal, 556 U.S. at 677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934.

The Court finds that Plaintiff's conclusory assertions of misconduct by Defendants Witt, Valencia, Shannon, McGaha, Fellow, Davis, and Yates fail to give rise to any viable claims for relief. Mere verbal harassment or abuse does not violate the Constitution, and Plaintiff's vague allegations that he was called an Islamic extremist, harassed, and persecuted do not support any independent claims for relief. Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987); Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987).

Although Plaintiff alleges that his religious property was confiscated upon his arrival at PVSP on December 23, 2009, and his religious property was damaged or destroyed during a cell search on June 5, 2010, neither allegation supports a viable claim that Plaintiff's constitutional or statutory religious rights were violated or that Plaintiff was discriminated against based on his religion. 42 U.S.C. § 2000cc-1; Alvarez v. Hill, 518 F.3d 1152, 1155-56 (9th Cir. 2009); Shakur v. Schriro, 514 F.3d 878, 883-91 (9th Cir. 2008).

The allegation that Defendants Shannon and McGaha falsely documented in Plaintiff's central file that he was a member of a prison gang does not give rise to a claim for relief. Sandin v. Connor, 515 U.S. 472, 484, 115 S.Ct. 2293 (1995); Hernandez v. Johnston, 833 F.2d 1316, 1319 (9th Cir. 1987).

Finally, the denial of Plaintiff's appeal by Defendant Davis does not support a claim for relief, Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988), and Defendant Yates cannot be held liable for the actions of his subordinates under

3

a theory of *respondeat superior*, Plaintiff's failure to state a claim against the subordinate employees notwithstanding, Iqbal, 556 U.S. at 677, 129 S.Ct. at 1949; Simmons, 609 F.3d at 1020-21.

### III. Conclusion and Order

Plaintiff's second amended complaint fails to state any claims upon which relief may be granted. Plaintiff was previously provided with detailed notice of the deficiencies, including the applicable legal standards, and given leave to amend. Further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

Based on the foregoing, it is HEREBY ORDERED that:

1. This action is DISMISSED, with prejudice, for failure to state any claims; and
2. This dismissal is subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g). Silva v. Vittorio, 658 F.3d 1090, 1098-99 (9th Cir. 2011).

IT IS SO ORDERED.

**Dated:   May 14, 2012**              /s/ Sheila K. Oberto
                                        UNITED STATES MAGISTRATE JUDGE